## ROSENBERG v. UNITED STATES.

### No. 4768.

Circuit Court of Appeals, Third Circuit.

July 19, 1932.

A. F. Harshman, of Philadelphia, Pa., and Everett Kent, of Bangor, Pa., for appellant.

Edward W. Wells, U. S. Atty., of Philadelphia, Pa., and Charles M. Bolich, Asst. U. S. Atty., of Allentown, Pa.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

BUFFINGTON, Circuit Judge.

This case concerns the cancellation of a certificate of naturalization. The pertinent act, 34 Stat. at Large, 596, § 4 (8 USCA § 382), provides that a court may grant a petition for naturalization where the applicant "immediately preceding the date of his application * * * has resided continuously within the United States, five years at least, and within the State or Territory where such court is at the time held one year at least."

In pursuance of that statute, one Louis Rosenberg presented a petition to a New York court praying naturalization and asserting that he had resided continuously within that state for one year preceding the date of his application. Thereupon that court, after hearing, granted his petition and issued a certificate of naturalization. Under the law, such residence was a necessary element to confer jurisdiction on that court.

In the case of United States v. Spohrer (C. C.) 175 F. 440, 442, it was held: "An applicant for this high privilege is bound, therefore, to conform to the terms upon which alone the right he seeks can be conferred. It is his province, and he is bound, to see that the jurisdictional facts upon which the grant is predicated actually exist, and if they do not he takes nothing by his paper grant. Fraud cannot be substituted for facts."

In Johannessen v. United States, 225 U. S. 227, 32 S. Ct. 613, 617, 56 L. Ed. 1066, it was held: "An alien has no moral nor constitutional right to retain the privileges of citizenship if, by false evidence or the like, an imposition has been practiced upon the court, without which the certificate of citizenship could not and would not have been issued. As was well said by Chief Justice Parker in Foster v. Essex Bank, 16 Mass. 245, 273, 8 Am. Dec. 135, 'there is no such thing as a vested right to do wrong.' "

To prevent such wrongs, Congress made it the duty of district attorneys "to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured." 8 USCA § 405.

In pursuance thereof, the district attorney, alleging that Rosenberg was a resident of the state of Pennsylvania and that he was such resident at the time of the granting of his naturalization by the New York court, filed a petition on March 17, 1927, on behalf of the United States, in the court below, praying the certificate of naturalization be canceled. In this proceeding Rosenberg appeared, made defense, and a large amount of testimony was taken. After hearing, the court on January 23, 1931, entered a decree canceling the certificate of naturalization, and stating "the fact finding is made that the applicant was not a resident of the State of New York at the time he was admitted to citi-

zenship. It follows that no court in that state had jurisdiction to issue a certificate of naturalization and that the prayer of the petition to 'cancel' the certificate should be granted." From this decree of January 23, 1931, no appeal was entered. It became final as between the parties to the proceeding, to wit, the United States and Louis H. Rosenberg, and with the expiration of the term on March 7, 1931, the power of the court to modify or change said decree ended.

Thereafter, to wit, on May 19, 1931, Anna H. Rosenberg, the alleged wife of Louis Rosenberg, presented to the court below a petition to intervene as a party defendant in said proceeding, setting forth that she never was a party to the proceedings to cancel the naturalization and that by reason of this cancellation the Department of Labor has instituted proceedings, which are now pending, for the deportation of both herself and her husband. An answer was filed thereto by the government challenging her right to intervene. Depositions were taken and the case heard by the judge below, who on October 14, 1931, denied the petition to intervene. Thereafter an appeal was taken to this court from the District Court's refusal to allow the petition to intervene.

The question of the right of the government to deport is not here involved. The question for us to determine is whether the court erred in refusing to permit the petitioner to intervene in the cancellation proceedings. We are clearly of opinion the court below was right in refusing her petition.

Passing by the question of laches and petitioner's failure to take part in the proceedings against her alleged husband, which covered a space of three years, and the contention that the question of intervention was a discretionary one for the court to determine, we are of opinion that under the law the decree below was right. The only possible purpose of the petitioner's effort to intervene was to set aside the decree of cancellation of the court made on January 23, 1931. If it was not that, the petition was nothing, and if it was that, as it clearly was, then the decree of January 23, 1931, had by the expiration of the term become final and the power of the court to change or modify it was gone. In addition to this, it is quite evident that the alleged right of this petitioner to be a citizen of the United States had no foundation whatever, because it was based on the foundation of a fraudulent and canceled naturalization certificate. As we have shown by the authorities quoted, the certificate of naturalization was simply a paper fraud and conferred at the time of its grant no rights whatever upon Louis Rosenberg, because the court granting it had no jurisdiction by reason of his residence and the fact that its issuance was procured by fraud. To allege that Mrs. Rosenberg was ever an American citizen is to fly in the face of the fact that she never could have been an American citizen, because she was not the wife of a naturalized man.

So holding, we are of opinion the judge below committed no error, and his order is affirmed.