## UNITED STATES ex rel. EICHENLAUB v. WATKINS.

### No. 254, Docket 20965.

Circuit Court of Appeals, Second Circuit.
May 3, 1948.

Harold K. McKee, of New York City, for appellant.

John F. X. McGohey, U. S. Atty. for Southern Dist. of New York, of New York City (John F. Ryan, of New York City, of counsel), for appellee.

Before SWAN, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■■ Relator contends that 22 U.S.C.A. § 233 was repealed and that therefore he was not convicted of any crime enumerated in 8 U.S.C.A. § 157. We cannot agree; the 1940 Act did not repeal but merely increased the penalty prescribed in 22 U.S.C.A. § 233.[3] Nor do we agree with his contention that 8 U.S.C.A. § 157 does not include one who was a citizen when convicted but who is subsequently denaturalized. We think the decree of denaturalization relates·back, at least for this purpose. Cf. Rosenberg v. United States, 3 Cir., 60 F.2d 475.

■ He also urges that the deportation warrant is defective, as not in accord with 8 U.S.C.A. § 157, since it states that he is "a member of the undesirable classes of alien residents enumerated in said Act" and does not state that he, as an individual, has been found to be an "undesirable resident." He cites Mahler v. Eby, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549. But there the Court said (page 43 of 264 U.S., page 287 of 44 S.Ct.) that the defect in the warrants had not been met by other matter in the record. Here we have an explicit finding in the administrative proceedings that relator "is an undesirable resident." It would serve no useful purpose to remand to permit amendment of the warrant to conform to that finding.

Affirmed.

---

[3] If he means to contend that the indictment was insufficient, the contention is frivolous. As the court in the criminal suit had jurisdiction of both his person and the subject matter, he cannot in a habeas corpus proceedings, attack the conviction.