**BATTAGLINO v. MARSHALL, Secretary of State.**

**No. 94, Docket 21132.**

United States Court of Appeals Second Circuit.

March 3, 1949.

980

William Canton, of New York City, for plaintiff-appellee.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Gertrude D. Sheppard, Atty., Dept. of Justice, of Washington, D. C., and Nathan Borock, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant-appellant.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The question presented by this appeal is whether the appellee was deprived of his derivative citizenship by the cancellation for presumptive fraud of the certificate of citizenship of his father, under the provisions of Section 15 of the Naturalization Act of June 29, 1906, 34 Stat. 596, 601, and before the Nationality Act of 1940, 54 Stat. 1137, 1158, 8 U.S.C.A. §§ 501, 738, became effective.

The appellee, a resident of New York City, sued the appellant as Secretary of State of the United States to secure a declaratory judgment establishing his status as an American citizen and for an injunction to prevent the denial, solely on the ground that he was not an American citizen, of his application for a passport. Both sides moved for a summary judgment. The plaintiff's motion was granted and a declaratory judgment that he was an American citizen was entered without an injunction. The government has appealed from that judgment.

The facts are as follows: On October 31, 1893, Antonio Battaglino, a native of Italy, was granted a certificate of naturalization in the Court of Common Pleas of Essex County, New Jersey. He lived in this country until some time in 1897 when he returned to Italy and was married. The appellee is a son of Antonio, born in Italy on November 26, 1898. Antonio may have returned to this country either during 1900 or before and remained until 1906 but, if so, he then went back to Italy to remain permanently so far as this record shows. In May 1925 his certificate of citizenship was cancelled, for presumptive fraud in its procurement, by a default judgment in a suit brought for that purpose under Section 15 of the Naturalization Act of 1906.[1] As the binding effect of the judgment of cancellation was not an issue in the court below and the appellee has expressly disclaimed any attempt on this appeal to attack that judgment, our decision takes for granted the validity of it. There is here no issue like that decided in Klapprott v. United States, 1949, 335 U.S. 601, 69 S.Ct. 384.

The appellee lived in Italy until 1924. On August 17th in that year, he entered the United States on an American passport which had been issued to him upon his application for it at the American Consulate in Naples and after he had taken an oath of allegiance to the United States. Since his entry, he has continued to reside in this country. He married an American citizen who has died leaving him a daughter who resides with him in New York City. He has voted and exercised other privileges of a citizen, having believed himself to be one without cause for doubt until, in 1946,

[1] The pertinent part of the statute is found in the second paragraph of Section 15. " * * * If any alien who shall have secured a certificate of citizenship under the provisions of this Act shall, within five years after the issuance of such certificate, return to the country of his nativity, or go to any other foreign country, and take permanent residence therein, it shall be considered prima facie evidence of a lack of intention on the part of such alien to become a permanent citizen of the United States at the time of filing his application for citizenship, and, in the absence of countervailing evidence, it shall be sufficient in a proper proceeding to authorize the cancellation of his certificate of citizenship as fraudulent, * * *." 34 Stat. 601.

he applied for an American passport. His application was denied on the ground that he was not a citizen because of the cancellation of his father's certificate as above noted.

Some support is to be found for the decision below. In re Findan, D.C., 4 F. Supp. 189; In re Bolter, D.C., 66 F.Supp. 566. But we think it is erroneous and that the error apparently is due to the fact that the required distinction was not made between the effect of a cancellation of a certificate of citizenship based on its invalidity ab initio and a cancellation based on the loss of citizenship by expatriation of the kind which leaves the certificate of citizenship valid at the time issued and up to the date when citizenship is lost. In a case like the present, the father of the appellee, by hypothesis, never became a citizen and consequently the appellee, born in Italy, never became one either. His claim of status is wholly dependent upon the fact of his father's citizenship at the date of his birth. That alone could make effective as to him the provisions of Rev.Stat. § 1993, as amended, 8 U.S.C.A. § 6, which provided that all children born out of the limits and jurisdiction of the United States, whose fathers were at the time of their birth citizens of the United States, were citizens of this country provided their fathers had lived here.

■ All the above conditions would be shown to have been fulfilled provided his father, in view of the later cancellation of his certificate, could now be treated as an American citizen as of the time when the appellee was born. If so, the appellee could not be deprived of his citizenship solely because of subsequent acts or omissions of his father. Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320; Ex parte Gilroy, D.C., 257 F. 110.

■ However, the right of the government upon proper procedure and proof to secure a judgment cancelling a certificate of citizenship cannot be questioned. Johannessen v. United States, 225 U.S. 227, 32 S.Ct. 613, 56 L.Ed. 1066; Luria v. United States, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101. If the cancellation is for what is called actual fraud in the procurement of the certificate the purported naturalization is a nullity. Rosenberg v. United States, 3 Cir., 60 F.2d 475, certiorari denied 287 U.S. 645, 53 S.Ct. 91, 77 L.Ed. 558. Here though no so-called actual fraud appears to have been proved when the certificate was cancelled, we must take it that presumptive fraud was. And presumptive fraud, before the Nationality Act of 1940, was as far reaching in its effect upon those claiming rights flowing from the certificate of citizenship as actual fraud. Luria v. United States, supra. Indeed, as the case just mentioned shows, the distinction between what is called presumptive fraud and actual fraud is but a difference in the manner of proof to establish the fact that the applicant for citizenship did not intend "to become a permanent citizen of the United States at the time of filing his application for citizenship". Whether the proof was presented for instance, by means of declarations he made contemporaneously with the filing of his application which showed that he then actually had no intention of becoming a permanent citizen or whether the fraud was shown by proof, without countervailing evidence, of his leaving this country and taking up permanent residence abroad within five years after his naturalization made no difference before the effective date of the Nationality Act of 1940. The fraud consisted in the false representation that he intended to become a permanent citizen and its effect was the same however proved. It made the naturalization void and the certificate a nullity ab initio.

■ Congress did, in the Nationality Act of 1940, soften the effect prospectively of cancellations of certificates of citizenship upon those claiming derivatively under them. Since the effective date of that Act, it is true that by virtue of Section 338(d), 8 U.S.C.A. § 738(d), cancellation for what is called presumptive fraud does not " * * * result in the loss of citizenship or any right or privilege of citizenship which would have been derived by or available to a wife or minor child of the naturalized person had such naturalization not been revoked, but the citizenship and any such right or privilege of such wife or minor child shall be deemed

valid to the extent that it shall not be affected by such revocation: * * *." But that came too late to be of aid to this appellee. Its only significance, if it has any at all, would be to emphasize that the law controlling this appeal was thereby changed.

Judgment reversed with directions to grant the defendant's motion for summary judgment.