## UNITED STATES v. EICHENLAUB.

### No. 157, Docket 21564.

United States Court of Appeals Second Circuit.

Argued Jan. 9, 1950.

Decided Feb. 3, 1950.

Writ of Certiorari Denied June 5, 1950.

See 70 S.Ct. 1028.

Irving H. Saypol, U. S. Atty., New York City, for plaintiff-appellee; Harold J. Raby, Asst. U. S. Atty., New York City, of counsel.

George G. Shiya, New York City, for defendant-appellant.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appeal is from an order of the District Court for the Southern District of New York denying the appellant's motion, made under civil Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate and set aside a judgment of the same court in a suit to revoke appellant's naturalization and cancel his certificate of naturalization pursuant to the provisions of Section 338 of the Nationality Act of 1940, 8 U.S.C.A. § 738.

The complaint in the above mentioned action was brought in August, 1943 and alleged that the appellant had been admitted to citizenship in November, 1936 after having taken the required oath of allegiance to the United States in which he renounced all allegiance to any foreign prince, potentate, state or sovereignty and, particularly, to the German Reich. It was also alleged that he procured his admission to citizenship fraudulently and illegally in that, among other things, at the time he filed his petition for naturalization and at the time he was admitted to citizenship he was not attached to the principles of the Constitution of the United States; that he did not intend to renounce all allegiance to the German Reich when he took the above mentioned oath; that he took the oath with a mental reservation which nullified it; and that he then did not intend to support and defend the Constitution and laws of the United States against all enemies.

The appellant, by his attorney, first filed an answer denying the above allegations, but before trial, and on January 24, 1944, filed a written consent to a judgment revoking his naturalization and cancelling his certificate of citizenship. In this consent, which was countersigned by his attorney to show that the attorney agreed and consented to it, the title and nature of the action were accurately stated and the appellant said "I have no defense to the aforesaid action." Accordingly, a judgment revoking appellant's naturalization and cancelling his certificate was then entered.[1]

The motion to vacate this judgment was made in January, 1946. By way of showing the appellant's right to relief, his affidavit in support of the motion set forth, with supporting citations, that the fraud or illegality which will form the basis for the cancellation of a certificate of citizenship must be proved by the clearest and most satisfactory evidence and that whether this requirement has been met is open to review on appeal. It was then asserted (1) that "no proof was ever submitted that deponent had committed fraud in procuring his certificate of naturalization" and (2) that he "has a full and complete defense to the cause of action alleged in the complaint."

No claim is made that the appellant's attorney was incompetent or in any respect derelict in his duty to his client or that he did not fully understand the nature and effect of the consent which the appellant signed. So far as this record shows, no claim as to any lack of understanding by appellant himself was made below, though his present attorney has suggested in the brief filed on this appeal, without any supporting proof in the record, that appellant's education is "meager" and his understanding of the English language "limited." Nor was, or is, there any claim that appellant's consent was induced by duress or fraud, though it is said, again without supporting proof, that he was told by an Assistant United States Attorney that if he en-

1. Subsequently, administrative deportation proceedings were begun against him and, after hearing, he was ordered deported. He then obtained a writ of habeas corpus. After hearing, the writ was dismissed and the dismissal was affirmed over his contention, among others, that § 1 of the Act of May 10, 1920, 8 U.S.C.A. § 157, permitted deportation only of aliens and not of citizens who had been denaturalized. United States ex rel. Eichenlaub v. Watkins, 2 Cir., 167 F.2d 659. After the denial of his petition for certiorari, 335 U.S. 867, 69 S.Ct. 137, and then the granting of it, 337 U.S. 955, 69 S.Ct. 1526, the Supreme Court affirmed, sub nom. United States ex rel. Eichenlaub v. Shaughnessy, 70 S.Ct. 329.

tered his consent, his privileges as a citizen would merely be suspended for the duration of the war.

Whatever merit there is in this appeal is to be found in the contention that, as a matter of law, a consent to judgment in an action to revoke naturalization and cancel a certificate of naturalization is insufficient as a substitute for proof to support the judgment. The case of Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, upon which appellant seems mainly to rely for this proposition, does not support it. That case dealt with a default judgment and, as the original judgment of the Supreme Court was subsequently modified, 336 U.S. 942, 69 S.Ct. 384, the cause was remanded to the district court for a determination as to whether there had been any denial of legal right in the way the default judgment had been entered. By necessary implication it would seem that there has been no authoritative holding that a *default* judgment is *per se* invalid in a denaturalization proceeding. The Klapprott case thus by no means requires us to reach the conclusion that a judgment entered upon a defendant's formal *consent,* given under the advice of counsel, is invalid *per se.* Indeed, we have already decided, without discussion, that it is not. United States v. Beland, 2 Cir., 164 F.2d 95.

■■ It is true that clear and convincing evidence is necessary to support a contested complaint which seeks to cancel a certificate of naturalization. Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525; Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796; United States v. Sotzek, 2 Cir., 144 F.2d 576. But it would seem clear that, regardless of the standard of proof required, equivalent to proof is a consent to the entry of judgment given by a defendant with the knowledge and consent of an attorney representing him in what, for the purposes of this appeal, must be taken to have been a competent and loyal manner. Even assuming that proceedings for denaturalization under Section 338 of the Nationality Act are wholly to be governed by the same principles as criminal cases,[2] the same result must follow, for a plea of guilty or a plea of *nolo contendere* to a criminal charge makes unnecessary the introduction of evidence by the prosecution, and a consent judgment in denaturalization proceedings must be considered the equivalent of such pleas, or one of them.

Appellant contends, however, that the government was limited in its proof to the matters charged in the complaint and that since the allegations in the complaint "in the main" related to conduct subsequent to the filing of appellant's petition for naturalization and admission to citizenship, the complaint was insufficient to establish illegal and fraudulent procurement of naturalization under Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L. Ed. 1525. This contention is primarily based on the fact that the complaint alleged that after appellant's naturalization he acted as a German agent in the United States and collaborated with German agents for the purpose of advancing German interests in the United States and that "by reason of the foregoing" naturalization was "fraudulently and illegally procured by him in that" when he filed his petition for naturalization and when he was admitted to citizenship he was not attached to the principles of the United States Constitution and did not intend to renounce fidelity to Germany or to support and defend the Constitution and laws of the United States.

■ Regardless of any amendment which might have been made, had the point been raised, we think the complaint supports the judgment. While the majority of the Supreme Court in the Baumgartner case said that denaturalization on the ground of fraud "calls for weighty proof, especially when the proof of a false or fraudulent oath rests predominantly not upon contemporaneous evidence but is established by later expressions of opinion argumentatively projected * * * to an earlier year," 322 U.S. at page 675, 64 S.Ct. at page 1246, 88 L.Ed. 1525, it did not hold

---

2. Cf. Black, J., and Rutledge, J., in Klapprott v. United States, 335 U.S. 601, 612–613, 617–618, 69 S.Ct. 384.

that evidence of subsequent acts would as a matter of law be insufficient proof of an earlier fraudulent intent. Rather, the majority simply held that, on the facts presented, evidence as to Baumgartner's attitude after 1932 afforded "insufficient proof that in 1932 he had knowing reservations in forswearing his allegiance to the Weimar Republic and embracing allegiance to this country." 322 U.S. at page 677, 64 S.Ct. at page 1246. The appellant's contention seems to be based not on the opinion of the Court in that case but upon the reasoning in the concurring opinion, expressing the views of four of the Justices, which does indeed strongly imply that proof of subsequent statements or attitudes can never support denaturalization on the ground of fraud. See 322 U.S. 679-80, 64 S.Ct. at page 1247. It follows, we think, that the complaint here was not insufficient as a matter of law on the ground urged and this is enough to dispose of the point.

By virtue of appellant's consent, the allegations of the complaint were established as though proved, and consequently the order denying appellant's motion must be affirmed.

Order affirmed.

FRANK, Circuit Judge, dissents in separate opinion.

FRANK, Circuit Judge, dissenting.

My colleagues reason that appellant's consent to the denaturalization judgment was the equivalent of proof of the allegations of the complaint that, in and following the year after the appellant's naturalization, he acted as a German agent and collaborated with German agents. I think that, in the light of Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525, those allegations, had they been established, by evidence, beyond possible doubt, would not have sustained the judgment. I also incline to think that, under Rule 60(b), as it stood when appellant moved for vacation of the judgment, the motion was not barred by the expiration of six months. See Wallace v. United States, 2 Cir., 142 F.2d 240 at page 244; Moore, Federal Practice, p. 3260. Accordingly, I incline to think we should reverse.

But if I am in error, I think it desirable to call the following to the parties' attention: I do not understand my colleagues to say that, under their decision, appellant is precluded from now seeking, by a new motion in the district court, the vacation of the judgment on grounds not alleged in his motion papers, filed in January 1946, and which were not good grounds under Rule 60(b), as it then read, but which now are good grounds under Rule 60(b) as subsequently amended in March 1948. In appellant's brief he asserts these facts which were not alleged in his motion papers: He had such a limited knowledge of the English language that he did not understand the meaning of the written consent he gave to the denaturalization judgment. It may well be that, if those facts should be proved, the judgment should be vacated. See United States v. Olden, D.C., 84 F.Supp. 522. To be sure, in the Olden case, defendant had given his consent without the advice of a lawyer, whereas appellant here had such advice. However, if, because of his inadequate understanding of the language, he did not comprehend what his lawyer was telling him, the consent may well not be binding upon him, especially as the court seems to have entered the judgment out of appellant's presence, solely upon his written consent and without seeing appellant or ascertaining that he was aware of the significance of the consent. See L. Hand, J., in Ricketts v. Pennsylvania R. Co., 2 Cir., 153 F.2d 757, 760, 164 A.L.R. 387; Williston, Contracts, § 95A and cases cited; Thoroughgood's Case, 2 Coke 9a; Swift & Co. v. United States, 276 U.S. 311, 324, 48 S.Ct. 311, 314, 72 L.Ed. 587.[3] These authorities would seem to have peculiar force in denaturalization proceedings; see Klapprott v. United States, 335 U.S. 601, 336 U.S. 942, 69 S.Ct. 384. The problem is, I think, not unlike that arising when, in a

---

3. There the Court said: "Decrees entered by consent have been reviewed upon appeal or bill of review where there was a claim of lack of actual consent to the decree as entered. * * * "

318

criminal action, the defendant, not exercising an intelligent, informed judgment, pleads guilty or waives trial by jury. Cf. Adams v. United States ex rel. McCann, 317 U.S. 269, 278-279, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Waley v. Johnston, 316 U.S. 101, 103-104, 62 S.Ct. 964, 86 L.Ed. 1302; United States v. Denniston, 2 Cir., 89 F.2d 696, 698, 110 A.L.R. 1296; Accardi v. United States, 8 Cir., 15 F.2d 619, 621.