Petition of CAPUTO.

No. 492305.

United States District Court, E. D. New York.

Feb. 18, 1954.

Jackson G. Cook, New York City, for petitioner, Edward L. Dubroff, Brooklyn, N. Y., of counsel.

Harry Addelson, U. S. Naturalization Examiner, Brooklyn, N. Y.

BYERS, District Judge.

This petition is opposed by reason of the applicant's having answered question 41 "Yes" on Selective Service Form DSS 304 (Alien's Personal History and Statement) on May 22, 1942 filed with his Local Board, when he was called for military service.

The answer meant: "I do object to service in the land or naval forces of the United States."

The petitioner was then an enemy alien by reason of his Italian birth, and was legally present in this country.

The applicable Section of the Immigration and Nationality Act of 1952 reads:

"§ 315(a) Notwithstanding the provisions of Section 405(b), any alien who applies or has applied for exemption or discharge from training or service in the armed forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is

or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States." 8 U.S.C.A. § 1426 (a).

When the application for exemption was made, this country was at war with Italy, but by January 1944 that condition had come to an end, and he was called again before his Local Board; the Selective Service records reveal the following subsequent history of the registrant:

"January 29, 1944—Class—1-A—available for service, Army reconsidered their decision that he was not acceptable and found him, at this time, acceptable for service, if otherwise qualified.

"April 22, 1944—Class 3–D—by Appeal Board based on undue hardship if he were to be inducted with reopening of case to be made on August 15, 1944.

"August 28, 1944—Class 1–A—Postponed—available for service but postponed.

"November 13, 1944—Class 2–A—based on occupation.

"April 16, 1945—Class 1–A—available for service.

"July 17, 1945—Class 2–A—based on occupation.

"September 20, 1945—Class 4–A—as being overage for any military service.

"There is no record contained in his file that he ever withdrew his objection to service."

Recurring to the statute above quoted, it will be seen that two conditions are requisite to the permanent ineligibility to citizenship on the part of an alien: (a) the application for exemption on the ground of alienage, and (b) that he "was relieved or discharged from such training or service on such ground."

These requisites are not stated in the disjunctive, and if either fails the statutory ineligibility does not become

872

automatic, for one is of equal importance to the other.

 While on January 29, 1944 the petitioner was still an alien, he was not then an enemy alien, and so far from being relieved from training or service because of the objection asserted on May 22, 1942, he was classified 1-A.

This means that he could have been at once inducted so far as there is any showing in the record to the contrary, and the subsequent incidents of his changed classification do not change the principles upon which he must now be dealt with. If the Government's argument is sound in this case, it would equally apply to a man classified for all time as 1-A, who should serve with the colors and perhaps pay a heavy price for so doing. To treat such a case as that of a man who has been relieved or discharged because of his initial objection to service, is to ignore the plain terms of the Act.

This man was not so relieved but was classified as has been stated, and his permanent ineligibility to citizenship therefore has not been demonstrated.

There have been rulings both ways in this court (Amend, Pet. 495307; Cornely, Pet. 501134) and hence it is apparent that this court is not bound by controlling precedent, much as uniformity of administration is to be desired.

In passing upon the record I am not impressed by the petitioner's assertion that his real reason for his original objection was not the fact that he was an alien. That is what he said, and swore to, and since he chose that course of conduct, his case must be treated as the record reveals it. Nor is it deemed important that in 1942 there was no statute similar to the quoted Section of the 1952 Act, rendering an alien objecting to service permanently ineligible for citizenship. The matter of naturalization is under the control of Congress, and has been since 1790, and aliens have no rights save as they are so ordained.

This decision is placed upon the single ground, first above stated, which is that the petition is not to be denied on the ground stated by the Government; since that is the only objection presented, it is overruled.

Findings A, B and C made by the designated Examiner are sustained. Finding (D) is deficient in that it does not embrace the entire Selective Service record of the petitioner. The conclusion of law is set aside, and the Petition will be granted.

So ordered.