**Petition of ZUMSTEG.**

United States District Court
S. D. New York.
July 23, 1954.

David S. Kumble, of New York City, for petitioner.

Edwin Benson, New York City, United States Naturalization Examiner, for respondent.

DAWSON, District Judge.

This petition for naturalization is opposed by the Examiner on the ground that petitioner is permanently ineligible for citizenship because of the provisions of Section 315(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1426(a).

This provision reads as follows:

"Notwithstanding the provisions of section 405(b), any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States."

The petitioner is a German national who filed his petition for naturalization on April 29, 1952. He apparently first arrived in the United States in 1927 and was residing in New York, N. Y., in 1941 and 1942. In accordance with the provisions of law, he registered for the draft. The Selective Service records reveal the following subsequent history of the registrant:

"July 30, 1941—Class 4–C—based solely on the fact that he was an alien.

"November 24, 1942—Class 1–A—available for service after Local Board screening physical examination. At this time registrant was requested to file DSS Form 304, Alien's Personal History and State-

ment, and in filing same, he objected to service.

"January 9, 1943—Class 4–C— based on his filing of Form 304 in which he objected to service and exempted from service on the basis of his alienage.

"October 16, 1945—Class 4–A— as being over age for any military service."

It is the contention of the Examiner that since the petitioner answered Question 41 on Selective Service Form DSS 304 (Alien's Personal History and Statement) in the affirmative on December 11, 1942, he had, within the meaning of the aforesaid Section of the Immigration and Nationality Act—

"applied for exemption or discharge from training or service in the Armed Forces * * * on the ground that he is an alien"

and that, as a result of that statement, was relieved from such service.

Question 41 on the aforesaid Selective Service Form was:

"41. I ——————— object to service in the land or naval forces of the United States."

(do, do not)

Immediately under this question is the following statement:

"You are informed that if you are an enemy alien or subject of a country allied with the enemy, you will not ordinarily be acceptable for service in the land or naval forces of the United States if you indicate in Item 41 above that you object to such service. If you are a citizen or subject of any other country, you may indicate in Item 41 whether you do or do not object to service in the land or naval forces of the United States but such objection may be disregarded. If you are a citizen or subject of a neutral country, and you do not wish to serve in the land or naval forces of the United States, you may apply to your local board for Application by Alien for Relief from Military Service (Form 301)

which, when executed by you and filed with the local board, will relieve you from the obligation to serve in the land or naval forces of the United States, but will also debar you from thereafter becoming a citizen of the United States."

█ It is to be noted that the instructions to the Form indicate that if the registrant was an enemy alien, he would not ordinarily be accepted for service in the land or naval forces of the United States if he indicated that he objected to such service. As the Supreme Court has pointed out in Harisiades v. Shaughnessy, 342 U.S. 580, at page 586, 72 S.Ct. 512, 96 L.Ed. 586, enemy aliens cannot, consistently with our international commitments, be compelled to take part in the operations of war directed at their own country.

The instructions to the Form, however, made a special provision for citizens or subjects of neutral countries. In that case, it advised them that if they did not wish to serve in the land or naval forces of the United States, they might apply to the local board for "Application by Alien for Relief from Military Service (Form 301)", and then advised them that such an application, if executed by them and filed with the local board, will relieve them from the obligation to serve in such forces, but would also debar them from thereafter becoming a citizen of the United States.

The question here presented is whether an affirmative answer to Question 41 in the "Alien's Personal History and Statement" is equivalent to an application for exemption from military service.

█ Two conditions are requisite to the permanent ineligibility of citizenship on the part of the alien: (a) the application for exemption on the ground of alienage and (b) that on such ground, he was relieved from service in the armed forces. Petition of Caputo, D.C. E.D.N.Y.1954, 118 F.Supp. 870.

When the 1952 Immigration and Nationality Act refers to a person who has "applied for exemption * * * from

training or service", it must refer to an application which was effective at the time it was made. In 1942, the law had in it a provision for an "Application" for such exemption if made by a citizen of a neutral nation. No form of application was provided for alien enemies.

The requirement of an "Application" was provided for in the case of citizens or subjects of neutral countries by Section 3(a) of the Selective Training and Service Act of 1940, as amended, 54 Stat. 885, as amended, 55 Stat. 845, which provided that such a person would be relieved from service under the Act if prior to his induction—

> "he has made application to be relieved from such liability in the manner prescribed by and in accordance with rules and regulations prescribed by the President, but any person who makes such application shall thereafter be debarred from becoming a citizen of the United States * * *."

The use of the words "application * * in the manner prescribed by and in accordance with rules and regulations prescribed by the President" would appear to require that the applicant take a more affirmative step than merely giving an answer to one of the questions on a questionnaire relating to an alien's personal history, such as Form DSS 304.

This is particularly so since neither the Act not the Selective Service Regulations [1] permitted an "application" to be made by an enemy alien, and, so far as the Selective Service Regulations were concerned, an affirmative answer to Question 41 on Form 304 would not necessarily relieve the applicant from military service.

In Moser v. United States, 1951, 341 U.S. 41, 71 S.Ct. 553, 555, 95 L.Ed. 729, the petitioner had executed a revised Form 301 from which there was eliminated the statment that—

> " 'I understand that the making of this application to be relieved from such liability will debar me from becoming a citizen of the United States.' "

The petitioner in that case was led to believe that he would not thereby lose his rights to citizenship. The Court said:

> "Petitioner did not knowingly and intentionally waive his rights to citizenship. In fact, because of the misleading circumstances of this case, he never had an opportunity to make an intelligent election between the diametrically opposed courses required as a matter of strict law. Considering all the circumstances of the case, we think that to bar petitioner, nothing less than an intelligent waiver is requir-

---

1. 32 C.F.R. Sec. 622.43 (1941 Supp.) as amended by Sel. Ser. Sys. Amdts. 22 and 78, 2nd Ed., 7 Fed.Reg. 2087 (1942), 8 Fed.Reg. 7221 (1942).

"Sec. 622.43 Class IV-C Neutral Aliens requesting relief from training and service and aliens not acceptable to the armed forces.

"(a) Any registrant (whether a national of United States or an alien) who, because of his nationality or ancestry, is within a class of persons not acceptable to the land or naval forces for training and service or to the Director of Selective Service for work of national importance under civilian direction shall be placed in Class IV-C. The Director of Selective Service will advise local boards which classes of registrants are not acceptable.

"(b) When an alien registrant who is a citizen or subject of a neutral country

* * * prior to his induction into the land or naval forces of the United States files with his local board an original and one copy of an Application by Alien for Relief from Military Service (Form 301) completely filled out, signed, and sworn to, he shall be relieved from liability for training and service under the Selective Training and Service Act of 1940, as amended; and shall thereafter be debarred from becoming a citizen of the United States. * * *

"(c) The classification of an alien registrant who is now or hereafter classified in Class 1-A, Class 1-A-O, or Class IV-E shall be changed to Class IV-C if, under the procedure prescribed by Secs. 623.71 to 623.77, inclusive, the land or naval forces refuse to accept him for training and service or the Director of Selective Service refuses to accept him for work of national importance. * * *"

ed by elementary fairness." 341 U. S. at page 47, 71 S.Ct. at page 556. See Mannerfrid v. United States, 2 Cir., 1952, 200 F.2d 730.

 In the present situation, the petitioner did not make an application for exemption, nor was he advised that by answering Question 41 in the affirmative, he would thereby be debarred from ever becoming a citizen of the United States.

The petition for naturalization is granted.