**Petition of Paul August AHRENS.**
**No. 93364.**

United States District Court
D. New Jersey.
Feb. 1, 1956.

Otto E. Adolph, Elizabeth, N. J., for petitioner.

Julius Goldberg, Designated Naturalization Examiner.

WORTENDYKE, District Judge.

The petition of Paul August Ahrens for naturalization is opposed by the Naturalization Examiner upon the asserted ground that the petitioner is permanently ineligible to become a citizen of the United States under the provisions of Section 315(a) of the Immigration and Nationality Act of 1952, 66 Stat. 242, 8 U.S.C.A. § 1426(a). Section 315, subdivision (a) reads:

"(a) Notwithstanding the provisions of section 405(b) of this Act, any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States."

The principal facts are not in dispute. The petitioner was born in Germany and came to the United States at the age of three. When he was nine years of age, his father was naturalized and the petitioner, being a minor, automatically became an American citizen at that time. In January 1943 the petitioner reached 18 years of age and was required to register for military service. Despite his status as a citizen, the petitioner took

the position, when registering, that he was or wished to be considered as an alien of an enemy country, Germany. He completed Selective Service DDS Form 304 (Alien's Personal History and Statement), stating that, as an enemy alien, he objected to service in the land or naval forces of the United States. The pertinent portions of Form 304 are set out in Petition of Zumsteg, D.C.S.D. N.Y.1954, 122 F.Supp. 670, 671. Although this form stated that enemy aliens would not perforce be rejected for military service if they objected thereto, the Army treated such persons as unacceptable.[1] In any case, Form 304 did not advice enemy aliens that if they were accepted they might apply for discharge, nor did it refer to any consequences that might flow from exemption or discharge. Citizens of neutral countries were advised that they might complete Form 301 (Application by Alien for Relief from Military Service) which would relieve them from any obligation to serve in the Armed Forces of the United States, and such persons were warned that one of the consequences of such relief would be their debarment from thereafter becoming citizens of the United States.

The Army apparently determined that the petitioner was an American citizen and ordered his induction. When he was inducted on July 17, 1943 he protested taking the oath and addressed a letter to the Selective Service Headquarters in Washington, D. C., asserting again that he was or wished to be treated as an enemy alien who objected to induction. The exact text of this letter is not available. The petitioner was inducted into the Army and served until January 1944.

In September 1943 the petitioner's father was denaturalized and his citizenship cancelled for actual fraud. This deprived the petitioner of any citizenship status which he may have derivatively acquired. Battaglino v. Marshall, 2 Cir., 1949, 172 F.2d 979. Thereafter, the petitioner was asked whether he desired to remain in the Army. He stated that he did not, and in January 1944 he was given an Honorable Discharge. His discharge bore the notation "Discharged for the convenience of the Government under the provisions of Sec. X, AR 615–360, as amended,[2] by reason of being an enemy alien who prior to induction, ob-

1. AR 615–500, Section II, in effect in 1943, read as follows:

"Recruiting and Induction Stations.
* * * * * *
"7. Standards for acceptance of registrants for induction in the Army
* * * * * *
"e. Aliens
* * * * * *
"(2) Acceptability for induction
* * * * * *
"(b) Enemy aliens and other aliens
* * * * *
"2. No enemy alien or subject of a country allied with the enemy will be accepted if he objects in writing to service in the Army. * * * "

2. AR 615–360, Section X, reads as follows:

"Convenience of the Government.
* * * * * *
"59. By whom discharge ordered.—a. Except as provided below, enlisted men will be discharged for the convenience of the Government by authority of the Secretary of War only. Such authority may be given either in each individual case or

by an order applicable to all cases of a class specified on the order.
* * * * * *
"c. (1) Discharge for convenience of the Government is delegated to the commanders specified in paragraph 5b—
* * * * * *
"(d) Based upon an enlisted enemy alien's acceptance for military service contrary to the provisions of paragraph 7e(2)(b)2, AR 615–500. However, no such discharge shall be granted except upon the enlisted man's written application therefor which shall include statements that the applicant—
"1. At the time of his acceptance for military service was an alien of an enemy country or country allied with an enemy;
"2. Prior to induction objected in writing to service in the Army; and
"3. Is unwilling to serve in the Army in any capacity. Prior to such discharge the discharging authority shall obtain from the Director of the Selective Service of the State in which the enlisted man was classified for induction written

jected, in writing, to service in the Armed Forces of the United States."

The issue presented is whether the petitioner is, within the meaning of Section 315(a) of the Immigration and Nationality Act of 1952, an "alien who * * * has applied for * * * discharge from training or service in the Armed Forces * * * on the ground that he is an alien, and * * * was * * * discharged from such training or service on such ground".

It is clear that under the Section permanent ineligibility results only when (1) an alien applied for exemption or discharge from military service or training on the ground of alienage and (2) such alien was relieved or discharged upon that ground. Petition of Zumsteg, D.C.S.D.N.Y.1954, 122 F.Supp. 670; Petition of Caputo, D.C.E.D.N.Y.1954, 118 F.Supp. 870. In the Zumsteg case it was held that a mere statement of objection to military service does not constitute an application for exemption or discharge within the meaning of Section 315(a). Therefore, unless an alien makes an affirmative request for exemption or discharge he does not become permanently ineligible for citizenship.

The Naturalization Examiner takes the position that all of the requirements of Section 315(a) have been fulfilled and that consequently the petitioner has become permanently ineligible. With respect to the fact of discharge on the basis of alienage there can be no disagreement, for admittedly in January 1944 the petitioner was discharged from the Army on the ground that he was an alien, which at that time he certainly was. But the second aspect of the Examiner's argument admits of considerable doubt, namely that the petitioner actually "applied" for discharge. As already pointed out, the contention that objections constitute "applications"

within the meaning of Section 315(a) was expressly rejected in the Zumsteg case. Aside from mere objections to service, it does not appear that the petitioner ever made an affirmative request for exemption or discharge unless such a request was embodied in his letter of July 17, 1943 to the Selective Service Headquarters. In the absence of the text of that letter or some evidence of its contents it will not be assumed that the letter was an application for exemption or discharge. Even if it were, it seems highly questionable that the letter could be treated as an effective application inasmuch as the petitioner seems to have been officially burdened with the obligations of citizenship in July 1943.

It not appearing that the petitioner ever applied for discharge within the meaning of Section 315(a), the objection of the Naturalization Examiner is overruled and the petition for naturalization is granted.

verification of 1 and 2 above. An enlisted man discharged under the provisions of this sub-paragraph will be given W. D. A.G.O. Form No. 56 (Discharge from the Army of the United States (Blue) ) which will contain the following notation: 'Enemy alien discharged because of his objection to service in the Army of the United States' and, after the word 'Character' the following notation: 'Not acceptable for Service in the Army of the United States.' "