**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Hermine RYAN, a/k/a Hermine Braunsteiner, a/k/a Mrs. Russell Ryan,**
**Defendant.**

**No. 68–C–848.**

United States District Court,
E. D. New York.

April 24, 1973.

---

Robert A. Morse, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for United States of America; Mary Maguire, Asst. U. S. Atty., of counsel.

Barry, Barry & Barry, Long Island City, N. Y., for Hermine Ryan (nee Braunsteiner); John J. Barry, Long Island City, N. Y., of counsel.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, Chief Judge.

The action for declaratory judgment brought by the defendant is deemed to be a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate the judgment entered in the above action on September 28, 1971. See Memorandum of decision and order in Ryan v. United States, D.C., 360 F. Supp. 264, 73–C–439.

The government filed a complaint in this action on August 22, 1968, charging the defendant with having fraudulently obtained her American citizenship through false representations and concealments in her Application to File Petition for Naturalization (Form N–400) filed on April 11, 1962. The complaint alleges that she swore in her application that she had never "in the United States or in any other place . . . been arrested, charged, convicted, fined, or imprisoned for breaking or violating any

law, ordinance, or regulation" and had never been a member of any "organization, association, fund, foundation, club or society in the United States or in any other place . . . at any time." [1] Previously, the complaint states, she obtained an immigration visa to gain lawful permanent residence in the United States by false representations and concealments in an application filed with the United States Consul General at Halifax, Nova Scotia, on April 14, 1959. The false representations and concealments were substantially those which were later to be repeated in the application for naturalization. She stated in addition that she had never been "the beneficiary of a pardon or amnesty." The complaint further charged that the statements in the aforementioned application for a visa and the Application to File Petition for Naturalization were materially false in that the defendant was arrested, charged, convicted and imprisoned by the Austrian Government for crimes against humanity and human dignity committed against inmates of various concentration camps in Germany and Poland while she held positions of authority in those camps; that a judgment of conviction was entered in the County Court for Criminal Matters at Vienna, Austria, on November 22, 1949; that defendant was sentenced to a prison term of three years, receiving credit for time served, and fined court costs and confiscation of her property; and that she received a partial legislative amnesty on September 26, 1957. The information upon which the allegations were made is contained in a "good cause" affidavit (made a part of the complaint) by one Paul Nejelski, an attorney in the United States Department of Justice, as required by Section 340(a) of the Immigration and Nationality Act of 1952 as

amended (8 U.S.C. § 1451(a)). The complaint prayed for revocation of the order admitting the defendant to citizenship and cancelling the certificate of citizenship pursuant to Section 349(a) of the Act.

Defendant generally denied all the material allegations of the complaint. The answer however failed to deny paragraph 23 of the complaint which stated:

> "23. Paul Nejelski, an attorney in the United States Department of Justice, Washington, D. C., has executed an affidavit showing good cause for this action, which affidavit is annexed hereto, made a part hereof, and marked Exhibit A."

On January 12, 1971, the United States Attorney served two requests for admissions as required under Rule 36 of the Federal Rules of Civil Procedure.[2] One request contained 42 facts, the other sought admission of the genuineness of defendant's application for a visa before the United States Consul at Halifax, Nova Scotia, dated April 14, 1959, and defendant's Application to File Petition for Naturalization. Defendant failed to deny or object as required by the Rule. The admission of the facts and the genuineness of the documents would entitle the government to the relief demanded in the complaint. The United States Attorney advised defendant's counsel John J. Barry that the government intended to move for summary judgment. Mr. Barry advised the United States Attorney that he would consent to judgment. A form of judgment was drafted by the United States Attorney and submitted to Mr. Barry. Defendant insisted on a provision that " . . . the entry of judgment shall not be deemed an admission of the allegations of the complaint."

---

1. During the preliminary investigation before a United States Naturalization Examiner she stated that she had been a member of the Deutscher Turnverern (Sports Club) Germ. and the Knitters Union.

2. Rule 36 provides in part:
 " . . . The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.

The consent to the judgment was signed about August 30, 1971 and the judgment signed and entered September 28, 1971. Defendant surrendered her certificate of naturalization as required by the directions in the judgment.[3]

Defendant claims fraud in obtaining the consent judgment. This fraud, she asserts, is based upon a fraud in procuring an authenticated copy of the judgment of conviction from the County Court for Criminal Matters of Vienna.[4] The defendant both refines and varies this claim in alleging (1) that the government represented to the defendant and the court that it had in its possession a duly authenticated record of defendant's conviction (amended complaint in 73–C–439 par. 13) and (2) that the government's affidavit of good cause was false since it represented that it had ". . . in its possession legal proof to sustain the allegations . . ." (par. 17 amended complaint 73–C–439).

Nowhere in the record of this case or the related cases is there support for defendant's statement that the government represented that it had a duly authenticated record of defendant's judgment of conviction in Austria or other proof to support its allegations. The filing of the affidavit of good cause does not constitute a statement by the government about the nature or quality of its proof. United States v. Matles, 247 F.2d 378, 381 (2d Cir. 1957); rev'd per curiam on grounds not stated, 356 U.S. 256, 78 S.Ct. 712, 2 L.Ed.2d 741 (1958); United States v. Bimba, 233 F.Supp. 966 (E.D.N.Y.1964); see also United States v. Minerich, 250 F.2d 721, 725–726 (7th Cir. 1958). In any event, a motion based on misrepresentations to the defendant under Rule 60(b)(3) is barred as having been untimely made. Only where a fraud has been perpetrated on the court is the time limitation of Rule 60(b) avoided.[5] The fraud claimed

---

3. There is no serious dispute as to the substance of the conversation which culminated in the entry of the consent judgment. Defendant was faced with a motion for summary judgment or alternatively with a trial in which defendant had an agonizing choice of not offering evidence or risking the use of the evidence at a deportation hearing. The affidavit in support of defendant's motion to stay extradition hearings sworn to April 2, 1973 (p. 2) states:

 ". . . Between March of 1971 and September of 1971 your petitioner and the Assistant United States Attorney in charge of the case discussed settlement of the case by consent judgment."

 Although he submitted an affidavit in opposition dated April 14, 1972, Mr. Barry does not deny Assistant United States Attorney Mary P. Maguire's statement in her affidavit of April 5, 1973. She states:

 "After the expiration of the thirty (30) day period prescribed in Rule 36, your deponent telephoned John J. Barry and advised him that the UNITED STATES intended to make a motion for summary judgment in the denaturalization proceeding. John J. Barry stated that he would not subject Mrs. Ryan to a denaturalization trial or hearing and that she would consent to a judgment revoking and setting aside her citizenship and Certificate of Naturalization. Conse-

quently, a consent judgment was drafted and forwarded to John J. Barry, who requested certain changes in the judgment. Specifically, Mr. Barry requested that the judgment state that Mrs. Ryan did not admit any of the allegations in the complaint since he did not want to risk the possibility that the judgment would be deemed an admission of the allegations in the complaint and that such admission would be binding on Mrs. Ryan in any future deportation proceeding which might be instituted by the Immigration and Naturalization Service."

4. The claim is that the record of the proceeding was sealed upon the grant of partial legislative amnesty, but an agent of Central Intelligence Agency took unauthorized photographs of the record and submitted them to the court for certification representing them to be authorized copies. Mr. Barry states that this information is based on an investigation conducted by him in January 1973 in Vienna, Austria. The court assumes these general statements are true for the purpose of this motion.

5. (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a judgment, order, or proceeding for the

is not a fraud upon the court. "Fraud, inter partes, without more, should not be a fraud upon the court, but redress should be left to a motion under 60(b)(3) . . ." 7 Moore, Federal Practice ¶ 60.33.

 Defendant's claim of fraud in the procurement of the purportedly authenticated Austrian judgment of conviction does not meet the charge in the government's complaint. The claim of lack of proof to support the good cause affidavit must also fall. Defendant does not deny the truth of the government's allegations; rather she claims that the government did not have the proof to support the allegations or alternatively that the proof, i. e., the record of conviction, was unlawfully obtained. Needless to say, arrest, imprisonment, trial, conviction and amnesty may be proved without documentation. Defendant does not challenge the sufficiency of the good cause affidavit on its face.[6] Defendant cites no cases to support her argument that the government is required to have sufficient admissible evidence to prove its case in order to support its good cause affidavit. The court's research on this point did not uncover any authority

favoring defendant. *See* United States v. Matles, *supra;* United States v. Bimba, *supra;* United States v. Minerich, *supra.* Analogy to the area of criminal law is helpful. In Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), which involved a challenge to the sufficiency of hearsay evidence to support an indictment, the court stated at pp. 363–364, 76 S.Ct. at p. 409:

"Petitioner urges that this Court establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence. No persuasive reasons are advanced for establishing such a rule. Neither justice nor the concept of a fair trial requires such a change."

 Defendant's further ground that the judgment is void is based on the statement in the judgment that " . . . the entry of judgment shall not be deemed an admission of the allegations in the complaint." In United States v. Eichenlaub, 180 F.2d 314, 316 (2d Cir. 1950), cert. denied, 339 U.S. 983, 70 S.Ct. 1028, 94 L.Ed. 1387 (1950), the Court of Appeals discussed the na-

---

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order,

or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

6. The affidavit is sufficient. It sets forth evidentiary matters showing good cause for cancellation of citizenship. United States v. Zucca, 351 U.S. 91, 76 S.Ct. 676, 100 L.Ed. 964 (1956). The affidavit need not be based upon personal knowledge. Nowak v. United States, 356 U.S. 660, 78 S.Ct. 995, 2 L.Ed.2d 1048 (1958); United States v. Minerich, *supra* at 250 F.2d 725–726. Paul Nejelski's affidavit shows a greater familiarity with the facts and is set out in greater detail than the affidavit in *Minerich* which the court found met the "good cause" test of section 340(a) of the Act.

ture of a consent judgment as it relates to the necessity of showing supporting proof. The court said:

"It is true that clear and convincing evidence is necessary to support a contested complaint which seeks to cancel a certificate of naturalization. [citations omitted]. But it would seem clear that, regardless of the standard of proof required, equivalent to proof is a consent to the entry of judgment given by a defendant with the knowledge and consent of an attorney representing him . . . Even assuming that proceedings for denaturalization under Section 388 of the Nationality Act are wholly to be governed by the same principles as criminal cases, the same result must follow, for a plea of guilty or a plea of nolo contendere to a criminal charge makes unnecessary the introduction of evidence by the prosecution, and a consent judgment in denaturalization proceedings must be considered the equivalent of such pleas, or one of them." 180 F.2d at 316.

*See* Stenerman v. Brownell, 204 F.2d 336 (9th Cir. 1953).

The statement was intended to limit the effect of the judgment to the relief in the judgment and prevent its use in other proceedings. *See* N. L. R. B. v. Local 282, International Brd. of Teamsters, etc., 428 F.2d 994, 1000 (2d Cir. 1970). The statement did not negate the admissions of the facts set forth in the government's requests to admit. If proof were needed to support the allegations of the complaint, that proof is found in the admissions through failure to deny. The statement did not affect the validity of the judgment. Securities and Exchange Commission v. Dennet, 429 F.2d 1303 (10th Cir. 1970); Securities and Exchange Commission v. Thermodynamics, Inc., 319 F.Supp. 1380 (D. Col.1970).

Defendant's motion to vacate the judgment herein is in all respects denied and it is

So ordered.