**Hermine RYAN, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

No. 73–C–439.

United States District Court, E. D. New York.

April 24, 1973.

Robert A. Morse, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for United States of America; Mary Maguire, Asst. U. S. Atty., of counsel.

Barry, Barry & Barry, Long Island City, N. Y., for Hermine Ryan (nee Braunsteiner); John J. Barry, Long Island City, N. Y., of counsel.

### MEMORANDUM OF DECISION AND ORDER

MISHLER, Chief Judge.

This action seeks to declare void a judgment to which plaintiff consented, entered September 28, 1971 (68–C–848), denaturalizing plaintiff. At the time this action was commenced, April 2, 1973, an extradition proceeding for plaintiff was pending upon a demand of the Federal Republic of Germany pursuant to a treaty between the United States of America and Germany proclaimed by the President of the United States of America on April 22, 1931 (47 Stat. 1862). Neither party to the treaty is obliged to

6. See Cooper v. American Airlines, 149 F.2d 355, 359 (2d Cir. 1945).

deliver up its own citizens.[1] In this action plaintiff seeks to avoid the charge in the extradition proceeding through a claim of American citizenship.

■■ In the absence of a treaty provision authorizing her delivery, the United States is powerless to extradite plaintiff. "It is certainly the law that the power of the Executive Branch to invade one's personal liberty by handing him over to a foreign government for criminal proceedings must be traced to the provisions of an applicable treaty [citations omitted]." Holmes v. Laird, 148 U.S.App.D.C. 187, 459 F.2d 1211, 1219 n. 59 (1972). A treaty provision to the effect that the United States is not bound to deliver up its citizens, without more, does not authorize extradition of United States citizens since it does not grant a power of extradition to the executive. Valentine v. United States ex rel. Neidecker, 299 U.S. 5, 57 S.Ct. 100, 81 L.Ed. 5 (1936); Sayne v. Shipley, 418 F.2d 679, 682 n. 9 (5th Cir. 1969); 4 Hackworth, Digest of International Law §§ 304, 306 (1942 edition).

■■ The Declaratory Judgment Statute (28 U.S.C. §§ 2201 and 2202) is not a jurisdictional statute. A claim must first be alleged separate and apart from the declaratory relief suit upon which subject matter jurisdiction is established. 6A Moore, Federal Practice ¶ 57.23. The Declaratory Judgment Act does not confer subject matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Terminal Freight Handling Co. v. Solien, 444 F.2d 699 (8th Cir. 1971), cert. denied 405 U.S. 996, 92 S.Ct. 1246, 31 L.Ed.2d 465 (1972); Field v. United States of America, 340 F.Supp. 175 (S.D.N.Y.1972); Fifth Avenue Peace Parade Committee v. Hoover, 327 F.Supp. 238 (S.D.N.Y.1971); New York State Ass'n of Trial Lawyers v. Rockefeller, 267 F.Supp. 148 (S.D.N.Y.1967).

The Government's motion to dismiss pursuant to Rule 12(b)(1) is granted. The action and all the proceedings in the action [2] are treated as a motion to vacate the consent judgment entered in United States of America v. Hermine Ryan, etc., D.C., 360 F.Supp. 265.[3]

The Clerk is directed to enter judgment in favor of the defendant United States of America and against plaintiff Hermine Ryan dismissing the complaint.

---

1. Article II of the treaty provides: "Under the stipulations of this Treaty neither of the High Contracting Parties shall be bound to deliver up its own citizens."

2. Plaintiff's motion for a stay in the extradition proceedings.

3. Plaintiff's counsel conceded that this treatment is proper both at oral argument (April 16, 1973, tr. p. 8) and in his memorandum of law at page 2.