**UNITED STATES of America ex rel. Mario ROSIO, Relator,**

v.

**Edward J. SHAUGHNESSY, District Director, Immigration and Naturalization Service, New York District, Respondent.**

United States District Court
S. D. New York.

June 14, 1954.

Sebastian Frisof, New York City, for relator.

J. Edward Lumbard, U. S. Atty., Lester Friedman, Atty. in the Office of the District Counsel, Immigration and Naturalization Service, United States Department of Justice, New York City, for respondent.

McGOHEY, District Judge.

Relator, a French national, was admitted for permanent residence as a quota immigrant in December of 1951. Thereafter he registered for the draft and was classified IV–C. In January, 1953, he was reclassified I–A. One week thereafter he applied for and received exemption from military service on the ground of alienage, and was reclassified IV–C. He admits that the form which he signed contained the words "* * * 'any person who makes such application *shall thereafter be debarred from becoming a citizen of the United States.*' Under other existing law, an alien who is not a permanent lawful resident of the United States at the time of execution of this application, thereafter becomes barred from ever making an entry for permanent residence into the United States * * *."; and that he signed the form with full knowledge of its meaning and effect.

On March 27, 1953, he was issued a reentry permit, good for one year. In April he departed for France. He returned to this country on March 20, 1954, at which time he was detained at Ellis Island, accorded a hearing and on the basis of that hearing was excluded as an alien not eligible for citizenship. On appeal the decision of the Special Inquiry Officer was adhered to and the appeal dismissed. Relator is here on this writ charging that the Board of Immigration

Appeals committed an error of law in dismissing the appeal.

 It is relator's contention that, since under Section 454 of the Universal Military Training and Service Act as amended in 1951, 50 U.S.C.A. Appendix, § 454, an alien admitted for permanent residence no longer has the statutory right to apply for exemption from service on the ground of alienage, the exemption granted him is "void ab initio" and he is not barred from citizenship.

It is true that relator, having been admitted for permanent residence, had no statutory right under the Universal Military Training and Service Act of 1948, as amended, 50 U.S.C.A. Appendix, § 454, to apply for exemption from service on the ground of his alienage. However, relator did apply and was granted such exemption with full knowledge of the consequences, as he admitted at the immigration hearings.

Having applied for and received exemption, relator clearly comes within the provisions of section 315 of the Immigration and Nationality Act of 1952, 8 U.S. C.A. § 1426, which provides:

"(a) Notwithstanding the provisions of section 405(b), any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States.

"(b) The records of the Selective Service System or of the National Military Establishment shall be conclusive as to whether an alien was relieved or discharged from such liability for training or service because he was an alien."

 This being so, relator is excludable under Section 212(a) (22) of the Immigration and Nationality Act, 8 U.S. C.A. § 1182(a) (22), which provides:

"(a) Except as otherwise provided in this act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

\*     \*     \*     \*     \*     \*

"(22) Aliens who are ineligible to citizenship, except aliens seeking to enter as nonimmigrants; or persons who have departed from or who have remained outside the United States to avoid or evade training or service in the armed forces in time of war or a period declared by the President to be a national emergency, except aliens who were at the time of such departure nonimmigrant aliens and who seek to reenter the United States as nonimmigrants".

Accordingly, the writ is dismissed. So ordered.