**UNITED STATES of America,**
**Appellant,**

v.

**Thomas BAZAN, Appellee.**

**No. 12431.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 27, 1955.

Decided Dec. 1, 1955.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Harold H. Greene, Asst. U. S. Atty., were on the brief, for appellant.

Mr. David Carliner, Washington, D. C., with whom Mr. Jack Wasserman, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

Thomas Bazan, a citizen of Spain, was admitted to the United States for permanent residence in 1941. About a year later, he declared his intention to become a citizen of the United States. In November 1942, he filed an application (Selective Service Form DSS 301) claiming exemption, as a neutral alien, from the draft for military service. He sought to withdraw this application in September 1943, but the Selective Service System ruled that such application could not be withdrawn. When he petitioned for naturalization in 1948, the Naturalization Examiner recommended, after a preliminary hearing, that the petition be denied. This recommendation was based on the legal conclusion

"That pursuant to Sections 101 (a) (19) and 315 of the Immigration and Nationality Act and Section 3 (a) of the Selective Training and Service Act of 1940, petitioner by applying for and being relieved from military service because of alienage is debarred from becoming a citizen." [1]

The District Court rejected the examiner's recommendation. It granted naturalization on the ground that, under the doctrine of *locus poenitentiae*, Bazan's request for withdrawal of his exemption application operated to except him from the statutory bar to citizenship. The Government brought this appeal, asserting that the express language of the statute precludes such exception.

There is no dispute that § 315 (a) governs here.[2] That section provides:

"Notwithstanding the provisions of section 405(b) of this Act, any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States."

Thus, to debar appellee from citizenship, the statute requires proof not only that he applied for exemption on grounds of alienage but also that he was relieved from serving for that reason. The examiner's legal conclusion that appellee was relieved from "military service because of alienage" is not supported by any evidence in the present record, as the appellant recognizes. We think the total absence of any such essential evidence is a sufficient basis for affirming the District Court's order granting naturalization. It is therefore unnecessary to decide whether the order may also be affirmed on the District Court's application of the doctrine of *locus poenitentiae*.

In a supplemental memorandum, filed after oral argument pursuant to our request, appellant urges us to remand the case to permit introduction of the

---

1. A similar conclusion served as the basis for denial of appellee's 1946 petition for naturalization. No claim is made that this earlier denial is res judicata as to the present petition.

2. 66 Stat. 242 (1952), 8 U.S.C. § 1426 (1952). Section 315 is applicable here, even though the petition was filed prior to its effective date. Ballester Pons v. United States, 220 F.2d 399, 404–405 (1st Cir. 1955).

additional evidence we now hold essential to show a basis in fact for the claim of error it makes. Without deciding in what circumstances such a remand would be warranted, we think it is not warranted in the particular circumstances of this case.[3]

Affirmed.

---

**3.** 62 Stat. 963 (1948), 28 U.S.C. § 2106 (1952).