**Eino Aulis KIVIRANTA, Plaintiff,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States, Defendant.**

**No. 5063.**

United States District Court
District of Columbia.

May 28, 1956.

436

Jack Wasserman, Washington, D. C., for plaintiff.

Leo A. Rover, U. S. Atty., Oliver Gasch, Frank Strickler, Kitty Blair Frank, Asst. U. S. Attys., Washington, D. C., for defendant.

THOMASON, District Judge.

This is an action to review a final deportation order of the Attorney General and for a declaratory judgment that plaintiff is not barred from citizenship by virtue of his claim for draft exemption pursuant to Section 3(a) of the Se-

lective Training and Service Act of 1940, 50 U.S.C. § 303(a)* which reads in part as follows:

"(a) Except as otherwise provided in this Act, every male citizen of the United States, and every other male person residing in the United States, who is between the ages of nineteen and forty-five, at the time fixed for his registration, or who attains the age of nineteen after having been required to register pursuant to section 2 of this Act, shall be liable for training and service in the land or naval forces of the United States; Provided, That any citizen or subject of a neutral country shall be relieved from liability for training and service under this Act if, prior to his induction into the land or naval forces, he has made application to be relieved from such liability in the manner prescribed by and in accordance with rules and regulations prescribed by the President, but any person who makes such application shall thereafter be debarred from becoming a citizen of the United States * * *."

Plaintiff, a citizen of Finland, originally entered the United States as a seaman in 1939. He thereafter shipped out as a seaman on several occasions, returning to the United States on September 7, 1942. He was classified as available for military service, but when called before the draft in March of 1943 he signed a Form DSS 301 claiming exemption as a neutral alien, although he claims he did not understand the proceedings because of language difficulties and only indicated that he preferred to serve in the Navy rather than the Army. It appears that in May, 1944, plaintiff's hearing was ordered reopened by the Board of Immigration Appeals to permit him to volunteer for service in the United States Navy and that on December 22, 1944, he reported for induction; however, at the pre-induction physical examination he was found physically un-

* Now 50 U.S.C.A.Appendix, § 454(a).

fit and classified 4F. Deportation proceedings instituted in 1951 resulted in an order in 1953 directing that plaintiff leave the United States. On June 10, 1953, the Board of Immigration Appeals denied him discretionary relief in the form of suspension of deportation or preexamination upon the ground that he was ineligible for citizenship by reason of having clamed draft exemption as a neutral alien. On October 30, 1953, plaintiff filed this complaint.

To escape the bar to citizenship created by the statute plaintiff contends (1) that his subsequent attempt to serve in the Armed Forces relieved him from the bar; (2) that under the doctrine of McGrath v. Kristensen, 1950, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173, he was not a resident within the meaning of the Act and therefore his exemption claim was of no legal effect; and (3) that he did not understand the proceedings when before the draft board and thus did not "knowingly and intentionally waive his rights to citizenship", as required by Moser v. United States, 1951, 341 U.S. 41, 71 S. Ct. 553, 95 L.Ed. 729.

In urging that plaintiff's attempt to serve in 1944 while hostilities were still raging removed the disability created by his signing the draft exemption DSS 301 Form, plaintiff points to the decision of the Court in United States v. Bazan, D.C.Cir., 228 F.2d 455, where the Court in a naturalization case with similar facts invoked the doctrine of *locus poenitentiae* as relieving the petitioner from the statutory bar. On appeal, the decision was affirmed by the United States Court of Appeals for the District of Columbia Circuit without ruling on the *locus poenitentiae* doctrine, but the Court stated "Thus, to debar appellee from citizenship, the statute requires proof not only that he applied for exemption on grounds of alienage but also *that he was relieved from serving for that reason.*" (Emphasis added.) United States v. Bazan, D.C.Cir., 1955, 228 F. 2d 455, 456. See also Petition of Ajlouny, D.C.E.D.Mich.1948, 77 F.Supp. 327; Petition of Caputo, D.C.E.D.N.Y.

1954, 118 F.Supp. 870. Since it appears that plaintiff was ready and willing to serve in 1944, but was not accepted because found physically unfit, it cannot be said that he was "relieved" from service because of his signing of the DSS 301 Form. Accordingly, the Court is of opinion that the signing of the DSS 301 Form herein does not bar plaintiff from citizenship.

The disposition of the case on the ground stated makes it unnecessary to discuss plaintiff's other points.

The case is remanded to the Immigration Service for further proceedings.

So ordered.