**Petition for Naturalization of Samuel MIRZOEFF.**

United States District Court
S. D. New York.
June 27, 1956.

Louis A. Breier, New York City, for petitioner.

William J. Kenville, New York City, naturalization examiner.

DIMOCK, District Judge.

Petitioner, a citizen of Iran, on July 6, 1943, executed Department of Selective Service Form 301 to be relieved from military service on the ground that he was a citizen of a neutral country. No action was taken upon his plea prior to the entry of Iran into the war. He thereupon lost any claim for exemption and was classified IA. There are three provisions of law dealing with the eligibility for naturalization of persons claiming exemption on the ground of alienage.

Section 3(a) of the Selective Training and Service Act of 1940, as amended in 1941, 55 Stat. 845, formerly 50 U.S.C. App. § 303(a), provided that "any person who makes such application shall thereafter be debarred from becoming a citizen of the United States."

Section 454(a) of Appendix to Title 50 of the United States Code, 62 Stat. 604, 606, adopted in 1948, provides that "any alien who makes such application shall thereafter be debarred from becoming a citizen of the United States."

Under the foregoing two sections an alien is ineligible for naturalization if he has applied for relief from military service. It they were the only provisions on the subject the instant petition would have to be denied.

Section 315(a) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1426(a), provides that:

"Notwithstanding the provisions of section 405(b), any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces  *  *  *  of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States."

According to this section, an alien is permanently ineligible for naturalization only if he has applied for relief from military service *and* has been relieved on the ground of his alienage. Petition of Caputo, D.C.E.D.N.Y., 118 F.Supp. 870.

■■■ The question thus arises whether this last statute of 1952 or one of the first two govern the instant case. The last adds a further requirement for debarring an alien from citizenship, i. e., that he shall have been actually relieved from service. There is nothing to indicate any limitation upon the application of this requirement. The three statutes cover the same subject matter. Thus, to the extent that the 1952 statute adds a new requirement it impliedly amends the earlier statutes. After its passage in 1952 the fact that an applicant had claimed exemption on the ground of alienage was no bar unless the claim had been allowed.

It is true that another section of the Immigration and Nationality Act of 1952, § 101(a) (19), 8 U.S.C. § 1101(a) (19), refers specifically to the two earlier provisions but that does not militate against the conclusion that they have been impliedly amended. Section 101(a) (19) reads as follows:

"The term 'ineligible to citizenship,' when used in reference to any individual, means, notwithstanding the provisions of any treaty relating to military service, an individual who is, or was at any time, permanently debarred from becoming a citizen of the United States under section 3(a) of the Selective Training and Service Act of 1940, as amended (54 Stat. 885; 55 Stat. 844), or under section 454(a) of Appendix to Title 50, or under any section of this title, or any other Act, or under any law amendatory of, supplementary to, or in substitution for, any of such sections or Acts."

That section purports to do no more than to declare the meaning of the term " 'ineligible to citizenship' " when used in the Act. True, it contemplates the possibility that an individual "is, or was at any time, permanently debarred from becoming a citizen of the United States" under either of the two provisions of law which, as written, contain no requirement that the application for exemption shall have been successful. That has no tendency, however, to indicate a legislative intent that those two sections are not to be construed as impliedly amended by the Act.

■■ A word should be said as to the applicability of the 1952 statute to the petitioner's case. He filed his application for citizenship before its adoption. The provision which requires as a condition to ineligibility that the applicant shall have actually been exempted contains internal evidence of a clear inten-

tion that it shall apply to petitions acted upon after its adoption. Section 405(b) of the 1952 act provides that any petition for naturalization therefofore filed "shall be heard and determined in accordance with the requirements of law in effect when such petition was filed." Section 315(a), however, the section that adds the requirement that the exemption shall actually have been granted, begins with the words "[n]otwithstanding the provisions of section 405 (b)". The requirement of actual exemption is thus made applicable in the case of any petition acted upon after the passage of the 1952 act.

The petition is granted.