Order reversed and proceeding remitted to the Special Term for a new hearing, without costs of this appeal to either party. Memorandum: Section 315 of the Immigration and Nationality Act (U. S. Code, tit. 8, § 1426) provides in substance that any alien who (1) applies for exemption or discharge from service in the armed forces *966 of the United States on the ground that he is an alien and (2) is relieved or discharged from such service on such ground shall he permanently ineligible to become a citizen of this country. It has been consistently held that to debar an alien from citizenship, “ the statute requires proof not only that he applied for exemption on grounds of alienage but also that he was relieved from serving for that reason.” (United States v. Bazan, 228 F. 2d 455, 456.) The present record is barren of any competent proof that appellant was relieved from such service upon his claim for exemption. The pertinent facts on this subject were not stipulated upon the abbreviated hearing. It does not. appear that any documentary evidencé was submitted thereat. The memorandum of Naturalization Term states that appellant’s selective service record was supplied upon the written consent of the latter but we find no such stipulation or consent in the record before us. There is no proof that Exhibit 2, which purports to show a relief from military service, was a part of the record before the court. Moreover, it is our opinion that Exhibit' 2 is not competent proof to show a compliance with the statutory provision. It consists of interdepartmental memoranda between two branches of the Government. In reply to a request from Immigration and Naturalization Service a clerk of a local draft board answered in the -affirmative to the question “ was registrant relieved from military service or training” on the ground of his claimed exemption. While section 315 makes the records of the Selective Service System conclusive upon this subject it is our opinion that the reply of a clerk in the system to a questionnaire is not even competent prima facie proof that appellant was relieved from serving upon his claimed exemption. All concur, except Halpern, J., who dissents and votes for affirmance. (Appeal from an order of Oneida Supreme Court denying petition for naturalization.)
Present-—McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.