### Petition for Naturalization of MENG CHUNG YANG.

No. 426–P–29662.

United States District Court
District of Columbia.
April 13, 1959.

David Carliner, Washington, D. C., for petitioner.

Thelma Proctor for Immigration & Naturalization Service.

McGUIRE, District Judge.

The petitioner entered the United States from China at San Francisco, California, as a passenger on the SS General Gordon on September 8, 1947, and was admitted at that time on presentation of a Nanking passport, No. 5757, valid to June 16, 1950, and upon presentation of a student visa (issued under Section 4(e) of the Immigration Act of 1924,[1] as amended on 8/19/47), at Shanghai, China, valid for four months thereafter. In his application for this visa he stated that he was a bona fide student proceeding to the United States for the sole purpose of study at St. Mary's College, Winona, Minnesota. He was about 22½ years old at the time of this admission in September, 1947. A letter from this college in the visa file, dated April 2, 1957, states that the subject had been granted a full four-year scholarship covering room, board and tuition. The petitioner admits and the record shows that on October 9, 1948, he executed SSS Form No. 130 (Application by Alien for Relief from Training and Service in the Armed Forces), in which he applied for relief from liability for training and service in the armed forces of the United States and in which he stated that he had read the notice given below his signature on that form and that he had understood that he would forever lose his right to become a citizen of the United States and that he would also be prohibited from entry into the United States or its territories or possessions as a result of filing this application. The notice on this Form SSS 130 contained the warning and underscored the phrase "*shall thereafter be debarred from becoming a citizen of the United States.*"

The records of the Selective Service System, contained in Exhibits 2, 3 and 4, indicate that he applied for relief from training and service by application executed October 9, 1948, and submitted to his Local Board at Winona, Minnesota, on October 11, 1948, and that as a result of this application, his Local Board on October 15, 1948, granted him a IV–C classification, which exempted him from liability for military service, pursuant to the provisions of the Universal Military Training and Service Act, as amended, Section 4(a), 50 U.S.C.A.Appendix, § 454 (a). The Selective Service Record also shows that he was continued in classification IV–C until June 12, 1953, when he was classified in class V–A, over the age for military service since he had become 26 years of age on February 28, 1951.

Petitioner now raises the question of his full understanding of the con-

1. Now 8 U.S.C.A. § 1101(a) (15) (F).

sequences of his act in applying for and accepting relief from military training.

Addressing itself to this aspect of the case, the Court concludes that the petitioner did not know the exact consequences of his act nor did he fully comprehend or understand its nature. A deposition of a former teacher, presently residing in Memphis, County of Shelby, State of Tennessee confirms this, the witness stating in response to interrogatory No. 5 that: "* * * though his delivered speeches were good, he received a C for the course. It is my impression that Mr. James Yang had difficulty comprehending at that time, all of the implications of the English language." The witness went further in response to the same interrogatory: "I always found him to be a conscientious student who used his time well in lesson preparation, I maintain that he did not have a thorough grasp in understanding spoken or written English at that time."

It is to be noted that the language "at that time," as indicated, refers to October 1948, the time he applied for relief. The deposition witness' testimony is further confirmed by the individual witness who took the stand.

■ Apart from this aspect of the case, however, the Court concludes, also, that when the petitioner registered on August 31, 1948 under the Selective Service Act and was classified I–A as available for military service as of September 24 of that year, he should not as a matter of law been put in Class I–A but rather in IV–C, and this under the provisions of Executive Order No. 9992 amending the Selective Service Regulations issued on August 28, 1948 (13 Fed. Reg. 5035), which provides in Section 622.18 of Part 622, Classification Rules and Principles, amended to read as follows:

§ 622.18 *Class IV–C: Aliens.*

(a) In Class IV–C shall be placed any registrant who is an alien and who has not declared his intention to become a citizen of the United States and who—

(2) Has, under requirements mutually agreeable to the Secretary of State, the Commissioner of Immigration and Naturalization, and the Director of Selective Service, entered the United States temporarily for the purpose of study, teaching, practical training, or research in agriculture, industry, commerce, public health, education, or in related fields, and continues to satisfactorily pursue such endeavor.

It was not until October that he signed Form SSS 130 which, under the provisions of the law immediately alluded to, he did not have to sign in any circumstances, being entitled by virtue of his status to be placed in a IV–C classification. There was no doubt but that the petitioner had to register, but in the circumstances he was entitled as a consequence of that act to be placed in the class which the law said he must be placed, and so, therefore, the subsequent filing of the application to be relieved from the usual effects of registration, all other things being equal, was in itself a futile act since he was entitled to be placed in the classification he subsequently obtained by the filing of the Form. The net result is that the petitioner executed a form when he was under no legal duty to do so, which by its very terms created to his detriment a serious disability, not for today or tomorrow but forever. The case is somewhat analogous to the situation in McGrath v. Kristensen, 1950, 340 U.S. 162, 172, 71 S.Ct. 224, 95 L.Ed. 173.

Petition granted. Counsel will prepare findings of fact and conclusions of law and order accordingly.