**Petition for NATURALIZATION OF Israel MIRZOEFF.**

No. 681076.

United States District Court
S. D. New York.
July 27, 1961.

Louis A. Breier, New York City, for petitioner.

Howard I. Cohen, New York City, for Immigration and Naturalization Service.

DAWSON, District Judge.

Israel Mirzoeff, a native of Russia and a citizen of Iran, filed a petition for naturalization on October 19, 1956. The petitioner entered the United States on November 27, 1941, and has resided here continuously since that date. His petition has been contested by the Immigration and Naturalization Service.

### Factual Background

As a resident male alien, Mirzoeff registered under the Selective Service and Training Act of 1940. On December 12, 1942, he was notified by his Local Board of his classification as I-A. Under the 1940 Act, a citizen of a neutral nation residing in the United States could apply for and be relieved of military service.

On July 6, 1943, while Iran was still a neutral nation, the petitioner applied for such relief and filed Form DSS–301. The Local Board responded to Mirzoeff's request on October 8, 1943. By that time Iran had become an ally. Mirzoeff, therefore, received a notice that his classification of I-A would be continued. Thus, although he applied for exemption from military service, he was not granted the exemption. The following month he was directed to report for induction, but upon physical examination was rejected. On December 28, 1943, he was classified IV–F. At no time was the petitioner given the exempt neutral alien status of IV–C.

Under the Selective Training and Service Act of 1940, as amended, the pertinent provision was section 3(a)*:

> "Except as otherwise provided in this Act, every male citizen of the United States, and every other male person residing in the United States, who is between the ages of twenty and forty-five at the time fixed for his registration, or who attains the age of twenty after having been required to register pursuant to section 2 of this Act, shall be liable for training and service in the land or naval forces of the United States: *Provided,* That any citizen or subject of a neutral country shall be relieved from liability for training and service un-

---

* Now 50 U.S.C.A. Appendix, § 454(a).

der this Act if, prior to his induction into the land or naval forces, he has made application to be relieved from such liability in the manner prescribed by and in accordance with rules and regulations prescribed by the President, but any person who makes such application shall thereafter be debarred from becoming a citizen of the United States * * * "

██ Petitioner filed a petition for naturalization on March 25, 1947. On July 15, 1948, petitioner was found ineligible for naturalization under section 3(a). Since Mirzoeff had filed an application to "be relieved from liability for training and service" he was held to be "debarred from becoming a citizen of the United States." This adjudication was not appealed and cannot now be collaterally attacked. Even if it were possible to attack the 1948 decision, no question could arise, for it is quite clear that that determination was proper. Under the 1940 Act any person who made an application for relief from military service was barred from citizenship. Nothing more was necessary. The mere application required a denial of the petition.

The instant petition was filed in 1956, after the passage in 1952 of the new Immigration and Nationality Act.

### The Issue

The issue to be determined in this case is whether an alien, whose petition for naturalization has once been denied under the then existing law, may, at a later date, after the naturalization laws have been changed, apply for naturalization under the new law.

██ The Government's contention that Mirzoeff's ineligibility in 1948 is *res adjudicata* as to the present petition is without merit. All that was decided in 1948 was that, under the terms of section 3(a) of the Selective Training and Service Act, Mirzoeff was then barred from naturalization. Since the Court is not now being asked

to review or re-adjudicate the 1947 petition under the 1940 law, with a view to coming to a conclusion different from the earlier one, there is, in fact, no issue of *res adjudicata*. The Court has before it only the 1956 petition, filed under the 1952 law. In the absence of a provision which would require the relation back of the 1956 petition to the 1940 law, this is, as every case must be, an original adjudication.

██ The naturalization laws of the United States are wholly statutory. Thus, under one law a specific alien, or group, may be eligible for citizenship, or ineligible for citizenship, and, upon the passage of a later law, Congress may determine that its original decision should be altered. If one is eligible for citizenship at any time under any law, he may then request the privilege, and so long as the law under which he is eligible is in effect, in the absence of other factors, that petition should be granted. It is quite possible that at one time Congress should see fit to restrict United States naturalization and at another to liberalize it. In that event, where an alien might be ineligible under an earlier law, once the restrictive law is amended or repealed, his eligibility under the new statute, the only existing law, may not be limited by virtue of a prior adjudicated ineligibility which is, under the new law, merely a nullity.

### Applicable Law

In 1952 the immigration and naturalization laws were amended. The applicable provision of the Immigration and Nationality Act of 1952 is section 315, 8 U.S.C.A. § 1426(a) and (b):

"(a) Notwithstanding the provisions of section 405(b) of this Act, any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such

training or service on such ground, shall be permanently ineligible to become a citizen of the United States.

"(b) The records of the Selective Service System or of the National Military Establishment shall be conclusive as to whether an alien was relieved or discharged from such liability for training or service because he was an alien."

Section 315(a) refers to section 405(b). This is found in the note under 8 U.S. C.A. § 1101:

"Except as otherwise specifically provided * * * any petition for naturalization heretofore filed which may be pending at the time this Act shall take effect shall be heard and determined in accordance with the requirements of law in effect when such petition was filed."

■ Mirzoeff's original petition for naturalization was filed on March 25, 1947; the instant petition was filed in 1956. The Government contends that section 405(b) requires that a determination of the instant petition relate back to prior law. However, the Court is not detained by this argument in light of the specific provision of section 315, i. e., that it shall apply "notwithstanding the provisions of section 405(b)." Under the provision of section 405(b) the petition shall be determined "in accordance with the * * * law in effect when [the] petition was filed," i. e. the 1952 law.

Section 315(a) establishes a two-pronged requirement. Congress rejected the test of section 3, whereby a mere application would make petitioner ineligible, and replaced it with the following:

"* * * [A]ny alien who applies or has applied for exemption * * * and is or was relieved * * * [from military service] shall be permanently ineligible to become a citizen of the United States."

This conjunctive, or two-pronged, requirement has consistently been recognized by the courts. Ceballos v. Shaughnessy, 1957, 352 U.S. 599, 606, 77 S.Ct. 545, 1 L.Ed.2d 583; United States v. Hoellger, 2 Cir., 1960, 273 F. 2d 760, 762; In re Petition of Mirzoeff, 2 Cir., 1958, 253 F.2d 671, 673; United States v. Bazan, 1955, 97 U.S. App.D.C. 108, 228 F.2d 455, 456.

Where a petitioner has applied for exemption, but has not been relieved, i. e., has not received a neutral alien classification of IV–C, he is eligible for citizenship. In re Petition of Mirzoeff, 2 Cir., 1958, 253 F.2d 671, affirming D.C. S.D.N.Y.1956, 143 F.Supp. 177; In re Petition of Caputo, D.C.E.D.N.Y.1954, 118 F.Supp. 870. Furthermore, in cases where the Local Board on its own motion has classified a petitioner IV–C, i. e., where he has not applied for such relief, his later petition for naturalization has been granted. United States v. Hoellger, 2 Cir., 1960, 273 F.2d 760; In re Petition of Sally, D.C.S.D.N.Y. 1956, 151 F.Supp. 888. Moreover, "relief * * * from * * * service" has been interpreted to mean effectively relieved, i. e., *actually* relieved. United States v. Hoellger, supra, 273 F.2d at page 762.

■ Only where a petitioner has both applied for exemption from military service on the ground of his being a citizen of a neutral country *and* been relieved of such service on this ground, may he be excluded from citizenship under section 315(a). Where the double requirement co-exists, then the alien has consistently been denied citizenship. In re Petition of Skender, 2 Cir., 1957, 248 F.2d 92; In re Petition of Bergman, D.C.D.Minn.1959, 173 F. Supp. 880; In re Petition of Calvo, D. C.D.N.J.1958, 161 F.Supp. 761; United States ex rel. Rosio v. Shaughnessy, D. C.S.D.N.Y.1954, 134 F.Supp. 217.

### Conclusion

On July 6, 1943, the petitioner Mirzoeff applied for relief from military service. This application was made on

the prescribed form DSS–391. Above his signature it stated:

"I understand that the making of this application to be relieved from such liability will debar me from becoming a citizen of the United States."

Under the 1940 Act the signing of this application, without more, was sufficient to bar Mirzoeff from citizenship.

However, at no time was the petitioner given the classification of IV–C.[1] Therefore, at no time was the petitioner relieved from such service "on such ground." The fact that he was classified IV–F, as a result of a physical examination, is immaterial.

■ Since Israel Mirzoeff has never been classified IV–C, and has never actually been relieved of military service as a neutral alien, the requirements of section 315(a), under which this case must be decided, have not been satisfied.

■ It is urged in opposition to the petition, that by petitioner's application for exemption from military service he acquired the "status" of a person ineligible for citizenship and that section 405(a) of the 1952 Act provides that, despite the provisions of the Act, any status existing at the time the Act took effect should be continued. This might seem to indicate that the consequences of an application for exemption made prior to December 24, 1952, remain, and that such consequences are unaffected by the new two-pronged requirement of section 315(a). But, as Judge Waterman has pointed out,[2] the court reached a contrary conclusion in Petition of Mirzoeff, 2 Cir., 1958, 253 F.2d 671, 672.

Thus, much as I dislike to admit to citizenship this individual who, in the dark days of the war, sought to avoid military service for the country of which he now seeks to become a citizen, I feel constrained to follow the precedent set in the case of his brother, who, on almost identical facts, was admitted to citizenship by a divided Court of Appeals of this Circuit.

The application for citizenship is granted.

---

1. Section 315(b), supra, provides that the records of the Selective Service System shall be conclusive on the question of whether an alien has been relieved of military service. In a letter of February 25, 1958, from the Selective Service System to the Immigration and Naturalization Service, they report that the petitioner was never classified IV–C. Pursuant to section 315(b) this is conclusive.

2. United States v. Hoellger, 2 Cir., 273 F.2d 760, footnote 3, at page 764.