**In re Petition for Naturalization of Bajram Osman DULO.**

**Civ. No. 10792.**

United States District Court
D. Connecticut.

Jan. 8, 1965.

John F. Phelan, Waterbury, Conn., for petitioner.

Paul X. Moran, General Atty., U. S. Immigration & Naturalization Service, Hartford, Conn., for respondent.

ZAMPANO, District Judge.

This is a petition for naturalization, filed on February 4, 1964, by Bajram Osman Dulo, an Albanian national. His petition is opposed by the United States Naturalization Examiner on the ground that the petitioner is precluded from naturalization, under Section 315 of the Immigration and Nationality Act of 1952 (8 U.S.C. § 1426), because he applied for and was relieved from training and service in the Armed Forces of the United States. See, compilation of cases under Section 315 and under Section 3(a) of the Selective Service Act of 1940, as amended, contained in Appendix, United States v. Hoellger, 273 F.2d 760, at 764 (2 Cir. 1960).

The petitioner entered the United States for permanent residence on May 31, 1920 and, except when he returned to Albania for two relatively short periods of time in 1928 to 1930 and 1936 to 1938, he lived continuously in this country. The petitioner has a wife and two chil-

dren in Albania who have never been to the United States.

On April 27, 1942, the petitioner filed his "first papers", i. e. a Declaration of Intention to become a citizen of the United States. After registering for the draft under the Selective Service Act, he was classified 1–A on August 14, 1942. Shortly thereafter, he requested a deferment "because of wife and two children in Albania" which the draft board denied on August 24, 1942. The following day the petitioner signed a form entitled "Alien's Personal History and Statement" in which, among other things, he indicated "I do object to service in the land or naval forces of the United States." On the same day, he executed under oath an Application By Alien For Relief From Military Service which contained the provision that, if signed, the applicant would be debarred from citizenship. It was also standard procedure for the Clerk of the Selective Service Board to advise such applicant he could never become a citizen if he claimed alienage exemption from military service. The Clerk further stated to the petitioner "you don't want to become an American citizen" and requested him to surrender immediately his "first papers", which he did. On October 5, 1942, the petitioner was reclassified 4–C and relieved from military training and service on the basis of his application for alien exemption.

Now, over twenty years later, petitioner seeks to be naturalized. Faced with the formidable language of Section 315, he first contends the statute is unconstitutional in that it constitutes a cruel and unusual punishment in violation of the Eighth Amendment and, in addition, it imposes a penalty without affording the procedural safeguards guaranteed by the Fifth and Sixth Amendments. Petitioner's reliance on Schneider v. Rusk, 377 U.S. 163, 84 S.Ct. 1187, 12 L.Ed.2d 218 (1964), Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), and Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958), is misplaced. In those cases the Supreme Court was concerned with the power of Congress to divest a person of citizenship already conferred by birth or naturalization. The Constitution is silent concerning the permissibility of involuntary forfeiture of citizenship rights previously established, and the Supreme Court found that divestiture under certain circumstances was penal in nature, requiring the procedural safeguards of a criminal prosecution. Cf. Perez v. Brownell, 356 U.S. 44, 78 S.Ct. 568, 2 L.Ed.2d 603 (1957).

Here, however, notwithstanding the presumption of constitutionality inherent in the enactment, Flemming v. Nestor, 363 U.S. 603, 617, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), the Constitution provides that Congress may bestow citizenship under a "uniform Rule of Naturalization." U.S.Const., Art. I, § 8, cl. 4. Thus there is constitutional authority that citizenship by naturalization only can be acquired pursuant to uniform regulations and forms prescribed by Congress. It is clear that within its broad regulatory powers Congress may constitutionally withhold citizenship to an individual who, in days of war, avoided military service for the country of which he now seeks to become a citizen. In re Fuchs' Petition, 220 F.Supp. 129, 133 (D.C.1963); cf. In re Naturalization of Mirzoeff, 196 F.Supp. 230, 234 (D.C.1961).

Petitioner further seeks to extricate himself from the legal consequences of Section 315 by contending he did not comprehend the significance of his actions in seeking and receiving alienage exemption in 1942. The material facts are to the contrary. As indicated, at the time he executed the application the petitioner was made fully aware that if he sought such exemption he forfeited the privilege of citizenship. Prior to 1942, the petitioner resided in this country for periods totaling almost twenty years. He read English newspapers and magazines as well as Albanian newspapers. He worked as a barber, porter, cook and "as sort of a foreman" in a factory. In 1940, he operated his own restaurant business as a partner. At the

**48**

hearing before the Examiner he was asked, "Then it is a fact, Mr. Dulo, that you did know the results of your filing this application for relief from military service because you were a citizen of Albania, a neutral country?" to which the petitioner replied, "Yes, I knew it barred and stopped me from citizenship."

On these facts and after a consideration of all the evidence contained in the exhibits, in the transcript of proceedings before the Examiner and in the hearing before this Court, it is clear that the petitioner knowingly and intentionally relinquished eligibility for naturalization in order to be relieved of military service. He, therefore, is permanently ineligible to become a citizen of the United States.

Accordingly, the petition for naturalization is denied.